UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 97-4754

SYTANYA DARREN FELLS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-93-10-BR)

Submitted: April 14, 1998

Decided: April 29, 1998

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sytanya Fells ("Fells") appeals the district court's revocation of his supervised release. Because the district court's determination that Fells violated the terms of his supervised release is supported by evidence in the record, we affirm.

I.

In 1993, Fells pled guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). The district court sentenced Fells to twenty-one (21) months in prison to be followed by sixty (60) months of supervised release. Fells was released from prison in June 1994, and began his supervised release in the Eastern District of New York.

Among the terms of Fells's supervised release were two significant to this appeal: first, that Fells was prohibited from participating in criminal conduct; and second, that Fells was required to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. On May 6, 1997, Fells was arrested and charged with aggravated battery and harassment arising out of a domestic dispute in New York. On May 17, 1997, while on travel status, Fells was arrested in Raleigh, North Carolina, for misdemeanor breaking and entering and communicating threats. A jury in the Wake County, North Carolina District Court found Fells guilty of the charges arising out of the latter incident, and sentenced him to forty-five days in jail. Fells has since appealed this conviction.[1]

_____

[1] In North Carolina, such an appeal voids the underlying conviction and effects a trial de novo in the Superior Court. See State v. Brooks, 215 S.E.2d 111 (N.C. 1975). The United States concedes that, as a result of Fells's appeal of this conviction, the district court's reliance on the conviction to prove criminal conduct was error. Appellee's Br. at 9. Therefore, this incident of criminal conduct is not at issue in the present appeal.

As a result of these incidents, the United States moved to revoke Fells's supervised release, and the district court considered and ruled upon that motion on September 8, 1997. At that hearing the district court found that Fells reported the May 6, 1997 arrest to his probation officer in New York within seventy-two hours of its occurrence, but that he had failed to report the May 17, 1997, arrest. In addition, the district court found that Fells had, on May 17, 1997, engaged in criminal conduct in violation of the terms of his supervised release.

Based on its finding of these violations, the district court revoked Fells's supervised release, and this appeal followed.

II.

The only contested issue in this appeal is Fells's allegation that the district court's decision to revoke his supervised release was made without the benefit of the procedures guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. This right to procedural due process was extended to the revocation of parole in Morissey v. Brewer,[2] and to revocation of probation in Gagnon v. Scarpelli.[3] In United States v. Copley,[4] we applied the due process requirement outlined in Scarpelli to a supervised release similar to the one at issue in the instant case.

As we explained in Copley, an important component of that requirement, a "written statement" of a judge's decision to revoke the supervised release, is satisfied by "a transcribed oral finding [of revocation] . . . when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision."[5] Fells concedes that such an "oral finding" was made in this case, but argues that due process requires "more that [sic] a simple conclusory declaration that revocation is warranted."[6] We disagree.

_____

[2] 408 U.S. 471 (1972).
[3] 411 U.S. 778 (1973).
[4] 978 F.2d 829 (4th Cir. 1992).
[5] **United States v. Copley**, 978 F.2d 829, 831 (4th Cir. 1992) (citations omitted).
[6] Appellant's Br. at 13.

3

In this appeal, the United States has abandoned all but one of the grounds for revocation: Fells's failure to make a timely report of the May 17, 1997, arrest to his probation officer. The record clearly contains the district court's "oral finding" of this particular violation of the terms of Fells's supervised release,[7] and that finding is preceded by evidence from which "the reviewing court [could] determine the basis of the trial court's decision."[8] Therefore, we find that Fells's due process argument is without merit.

III.

Because we find that there is sufficient evidence in the record to support the district court's finding that Fells violated the terms of his supervised release, we believe that the district court's revocation did not deny Fells the procedural guarantees of the Due Process Clause of the Fourteenth Amendment. We thus affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____

[7] See J.A. at 27.
[8] Copley, 978 F.2d at 831. See also J.A. at 12.

4